USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/3/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SCOTTSDALE INSURANCE COMPANY, ONE TEAM RESTORATION, INC., NAUTILIS REALTY LIMITED PARTNERSHIP, AND DNA CONTRACTING AND WATERPROOFING, LLC,

Plaintiffs,

v.

ACCEPTANCE INDEMNITY INSURANCE COMPANY,

Defendant.

No. 19-CV-7294 (RA)

MEMORANDUM
OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

This case concerns insurance coverage for a personal injury action brought in state court. Plaintiffs Scottsdale Insurance Company ("Scottsdale"), OneTeam Restoration, Inc. ("OneTeam"), Nautilus Realty Limited Partnership ("Nautilus"), and DNA Contracting and Waterproofing ("DNA") (collectively "Plaintiffs") filed this declaratory judgment action against Defendant Acceptance Indemnity Insurance Company in the Supreme Court of New York. After Defendant removed the action to this Court, Plaintiffs filed a motion to remand the case to state court. For the reasons that follow, Plaintiffs' motion is denied.

## BACKGROUND

This declaratory judgment action, filed by Plaintiffs against Defendant Acceptance Indemnity Insurance Company, arises out of an underlying personal injury action filed by Patricio Cedillo against Nautilus and Estates NY Real Estate Services LLC in the Supreme Court of New York on February 9, 2018 (the "Underlying Action"). In the Underlying Action, Cedillo alleges that, on December 21, 2017, he sustained injuries when he fell while performing work at a

construction site. In the Underlying Action complaint, Cedillo states that he was employed by DNA while performing this work.[1]

On May 31, 2019, Plaintiffs filed a complaint in the Supreme Court of New York, seeking declaratory relief for Cedillo's personal injury claims under an insurance policy issued by Defendant to non-party Miranda Contacting Corporation ("Miranda"), its named insured (the "Insurance Policy"). *See* Compl. ¶¶ 19–22. The following facts are drawn from Plaintiffs' state court complaint and are assumed to be true for the purpose of resolving this motion. *See Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017).

According to the state court complaint, prior to December 21, 2017, Defendant issued the Insurance Policy to Miranda. *See* Compl. ¶¶ 19–22. The Insurance Policy contains an "Additional Insured endorsement that affords coverage to OneTeam, Nautilus, and DNA." *Id.* ¶ 20. Also prior to December 21, 2017, Miranda allegedly entered into a contract with OneTeam (the "Miranda Policy"), in which Miranda was required to "defend, indemnify, and procure primary and non-contributory insurance for OneTeam, Nautilus, and DNA as additional insureds." *Id.* ¶ 10.[2] Plaintiffs allege that the work Cedillo was performing at the time of his injury was "in furtherance of Miranda's obligations to OneTeam, Nautilus, and DNA," and arose from the ongoing operations of Miranda at the relevant worksite, as well as from the "ongoing operations, acts, or omissions and/or work of Miranda in the performance of its work for OneTeam, Nautilus, and DNA." *Id.* ¶¶ 13–15. Plaintiffs also allege that the Underlying Action falls within the scope of coverage afforded

---

[1] On August 10, 2018, Nautilus also filed a third-party action against DNA in the Supreme Court of New York, alleging that, to the extent Nautilus was liable to Cedillo, DNA was liable to Nautilus. *See* Pls. Mot. Ex. B, Dkt. 4-3.

[2] According to the state court complaint, Scottsdale also issued a commercial general liability policy to OneTeam, Nautilus, and DNA (the "Scottsdale Policy"), which "provides that it is excess if OneTeam, Nautilus, and DNA are entitled to additional insured coverage under any other policy of insurance." Compl. ¶¶ 17–18.

by the Insurance Policy, thereby affording coverage to OneTeam, Nautilus, and DNA as additional insureds. *Id.* ¶¶ 22, 24. Plaintiffs assert that Defendant has refused to acknowledge the "additional insured status" of OneTeam, Nautilus, and DNA under the Insurance Policy. *Id.* ¶ 25. In the instant declaratory judgment action, Plaintiffs seek a determination concerning the scope and nature of Defendant's obligations to Plaintiffs under the Insurance Policy. *Id.* ¶ 1. In addition to their claim for a declaratory judgment, Plaintiffs also bring claims for breach of contract, waiver and estoppel, and quantum meruit/unjust enrichment.

On August 5, 2019, Defendant removed the action to this Court. Dkt. 1. On August 28, 2019, Plaintiffs filed the instant motion to remand, arguing that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 because the case does not satisfy the amount in controversy required by 28 U.S.C. § 1332(a). Dkt. 4. Defendant filed its opposition on September 25, 2019, Dkt. 11, and Plaintiffs filed their reply on October 4, 2019, Dkt. 12.[3]

## DISCUSSION

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Woodley v.*

---

[3] Although Plaintiffs appear to seek damages in connection with their breach of contract claim, *see* Compl. ¶ 2, the relief sought in their state court complaint is primarily for a declaratory judgment, *see* Compl. at p. 7–8. Thus, for purposes of this motion, the Court will treat the action as one for declaratory relief. *See In Re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 152 (S.D.N.Y. 2001) ("[W]hen a claim seeks primarily equitable relief, . . . the amount in controversy is measured 'by the value of the object of the litigation' to the plaintiff.").

3

*Mass. Mut.*, No. 08-CV-0949 (NRB), 2008 WL 2191767, at *1 (S.D.N.Y. May 23, 2008) (quoting *Lupo v. Human Affairs Int'l*, 28 F.3d 269, 273–74 (2d Cir. 1994)). Removal jurisdiction is "to be strictly construed," with courts "resolv[ing] any doubts against removability." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (quoting *Syngenta Corp. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), and *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.3d 1043, 1045–46 (2d Cir. 1991)).

"A party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011) (citation omitted). The removing party must "prov[e] that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). This is true even where no amount is specified in the pleadings. *See MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 390–91 (S.D.N.Y. 2009) (citations omitted). Where jurisdictional facts are challenged, the removing party must establish the required amount in controversy "with 'competent proof,'" and must "justify [its] allegations by a preponderance of evidence." *United Food*, 30 F.3d at 305 (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). If the pleadings are inconclusive as to the amount in controversy, the removing party may rely on, and the Court may consider, documents outside of the pleadings to determine the amount in controversy. *See Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010) (citing *United Food*, 30 F.3d at 305).

The diversity of the parties is not at issue here, and thus the only question before the Court is whether the amount in controversy requirement of 28 U.S.C. § 1332(a) has been satisfied.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in

controversy is measured by the value of the object of the litigation." *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)); *see also W.P. Carey, Inc. v. Bigler*, No. 18-CV-0585 (KPF), 2019 WL 1382898, at *10 (S.D.N.Y. Mar. 27, 2019) ("The amount in controversy is not necessarily limited to the value of the money judgment sought, but may encompass as well the value of the consequences that may result from the litigation." (citing *Beacon Constr. Co. v. Matco Elec. Co.*, 521 F.2d 392, 399 (2d Cir. 1975))). The Second Circuit has clarified that "the amount in controversy is calculated from the plaintiff's standpoint; the value of the suit's intended benefit or the value of the right being protected or the injury being averted constitutes the amount in controversy when damages are not requested." *Correspondent Servs. Corp.*, 442 F.3d at 769 (quoting *Kheel v. Port of N.Y. Auth.*, 457 F.2d 46, 49 (2d Cir. 1972)). Moreover, "[w]hen seeking declaratory judgment to determine the applicability of an insurance policy, . . . 'the jurisdictional amount in controversy is measured by the value of the underlying claim.'" *D'Andrea v. Encompass Ins. Co. of Am.*, No. 15-CV-0467 (FPG), 2016 WL 11626468, at *1 (W.D.N.Y. Mar. 28, 2016).

The complaint in the instant declaratory judgment action does not specify the value of the defense and indemnification for which Plaintiffs assert Defendant is liable under the Insurance Policy. The complaint in the Underlying Action also does not specify the value of the claims related to Cedillo's alleged injuries. Indeed, pursuant to New York state law, a plaintiff is prohibited from including an *ad damnum* clause or pleading a specific monetary demand in a personal injury action. *See* N.Y. C.P.L.R. § 3017(c); *Yong Qin Luo*, 625 F.3d at 775. Cedillo thus did not specify an amount of damages related to his personal injuries in the Underlying Action.

Where a complaint is inconclusive as to the amount in controversy, courts typically look

next to the Defendant's notice of removal. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). Here, in the Notice of Removal, Defendant states that this Court has jurisdiction under 28 U.S.C. § 1332 because "the amount in controversy allegedly exceeds $75,000 exclusive of interest and costs[,] as Plaintiffs are seeking coverage under [the] insurance policy[,] which has proceeds of $1,000,000.00." Notice of Removal ¶ 7. Defendant also explains that Plaintiffs "seek to be defended and indemnified pursuant to" the Insurance Policy, and that the Insurance Policy "has proceeds of $1,000,000.00." *Id.* ¶ 9. Thus, Defendant claims that "Plaintiffs' allegations, if proven true, satisfy the amount in controversy requirement as they will result in damages that exceed $75,000.00, inclusive of the cost to defend and indemnify the Plaintiffs in the underlying personal injury action." *Id.* ¶ 10.

Contrary to Defendant's assertion, however, the amount in controversy should not be measured by the value of the insurance policy involved in the case, but the value of the claim at issue. *See Perez v. Foremost Ins. Co.*, No. 17-CV-997S, 2018 WL 2473573, at *2 (W.D.N.Y. June 4, 2018) ("When the applicability of liability coverage is at issue, as in this case, 'the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy.'" (citation omitted)); *see also, e.g., Certain Underwriters at Lloyd's of London v. Commonwealth Int'l, Inc.*, No. 2:12-CV-00824 (ODW) (JCx), 2012 WL 2328215, at *2 (C.D. Cal. June 19, 2012) ("In a declaratory-relief action where the applicability of liability coverage to particular incidents is at issue, the amount in controversy is the value of the insurance claim, and not the face value of the policy." (citing *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997))); *Coregis Ins. Co. v. Schuster*, 127 F. Supp. 2d 683, 686 (E.D. Pa. 2001) ("With respect to a declaratory action on an insurance contract, as in this case, the amount in controversy is determined by assessing the value of the underlying legal claims for which

insurance coverage is sought." (citations omitted)). Thus, it is of no moment that the Insurance Policy has proceeds of $1,000,000, as Defendant claims.[4]

Nonetheless, Defendant has demonstrated a reasonable probability that the amount in controversy requirement is met here. The "value of the object" of the present declaratory judgment action is the "value of the underlying claim," which, in turn, is the value of Cedillo's personal injury claims. *Correspondent Servs. Corp.*, 442 F.3d at 769; *D'Andrea*, 2016 WL 11626468, at *1. Based on extrinsic evidence submitted by Defendant—namely two Bills of Particulars from the Underlying Action—the Court is satisfied that "it appears to 'a reasonable probability'" that Cedillo is claiming liability in excess of $75,000, and thus, that the value of the object of the instant litigation exceeds $75,000. *United Food*, 30 F.3d at 305.

In connection with its opposition to the motion to remand, Defendant filed two Verified Bills of Particulars from the Underlying Action. In both Bills of Particulars, Cedillo provides further details as to the "serious and permanent injuries" he sustained as a result of his fall, including injuries to his cervical spine, lumbar spine, left ankle, and left shoulder. *See* Decl. of Alice Spitz Ex. A, Dkt. 11-1, May 11, 2018 Bill of Particulars ¶ 9–10, Nov. 13, 2018 Bill of Particulars ¶ 12. In these documents, Cedillo claims that he has sustained, at a minimum, the following special damages: (1) approximately $60,000 in the cost of physicians; (2) $15,000 in hospital expenses; (3) lost earnings and future lost wages based on his average weekly wage of

---

[4] Defendant is also wrong to suggest that Plaintiffs' alleged refusal to cap damages at $75,000 is relevant to the amount in controversy inquiry. To the contrary, such a refusal is insufficient to establish the requisite amount in controversy. *See, e.g., Feliciano v. Target Corp.*, No. 2:19-CV-02706 (DLI) (RLM), 2019 WL 2210739, at *2 (E.D.N.Y. May 21, 2019) ("Defendant's allegation that Plaintiff refused to cap damages at $ 75,000 is not determinative of the amount in controversy and is insufficient to establish the jurisdictional amount required by 28 U.S.C. § 1332(a).") (collecting cases).

$800[5]; and (4) $2,500 in the cost of x-rays. *See* May 11, 2018 Bill of Particulars ¶ 16, Nov. 13, 2018 Bill of Particulars ¶¶ 12, 18. Even putting aside Cedillo's claims for future lost wages and medical costs, the amounts alleged in Cedillo's Bills of Particulars already exceed $75,000. Other courts in this district have found that removal jurisdiction is proper where the Bill of Particulars from the underlying case alleges damages in excess of $75,000. *See, e.g., Jefferson v. Taft Fridays 50*, No. 18-CV-1578 (AT) (RWL), 2018 WL 2939037, at *1 (S.D.N.Y. Apr. 5, 2018) (denying motion to remand where Plaintiff alleged "damages exceeding $1.25 million" in her Answer to Defendant's Demand for a Verified Bill of Particulars); *Philip v. Deutsche Bank Nat'l Trust Co.*, No. 11-CV-8960 (PGG), 2012 WL 2354242, at *3 (S.D.N.Y. June 20, 2012) (denying motion to remand where Plaintiff's Bill of Particulars "ma[de] clear that the amount in controversy is $100 million"); *Quinones v. Nat'l Amusements, Inc.*, No. 07-CV-0663 (MHD), 2007 WL 1522621, at *2 (S.D.N.Y. May 21, 2007) (declining to sign stipulation that would have remanded the case where "the facts alleged in the bill of particulars—which include spine injuries, serious leg injuries and resultant surgery, and extended loss of mobility—make plain that a finder of fact could easily find general damages that exceed $75,000.00"). Accordingly, the evidence in the record demonstrates "a reasonable probability" that the value of Cedillo's underlying claim, and thus the value of the instant declaratory judgment action, exceeds the jurisdictional threshold of $75,000. *See D'Andrea*, 2016 WL 11626468, at *2. Removal was therefore proper, and Plaintiffs' motion to remand is denied.[6]

---

[5] With respect to Cedillo's lost earnings, as of the date of the second Bill of Particulars (November 13, 2018), Cedillo had already claimed $100,000 in lost earnings.

[6] Because the Court finds that removal jurisdiction is proper and denies Plaintiffs' motion for remand, Plaintiffs' request for costs and expenses under 28 U.S.C. § 1447(c) is also denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is denied. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 4.

SO ORDERED.

Dated: December 3, 2019
        New York, New York

_____
Ronnie Abrams
United States District Judge